# EXHIBIT "A"

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| DEBORAH DAVIDSON, | : CIVIL DIVISION |
| Plaintiff, | : |
| v. | : Case No. GD- |
| THE PEGGS COMPANY, INC., | : |
| Defendant. | : **COMPLAINT IN CIVIL ACTION** |

**JURY TRIAL DEMANDED**

Filed on Behalf of Plaintiff:
Deborah Davidson

Counsel of Record:

**FLAHERTY FARDO ROGEL & AMICK, LLC**
Firm I.D. #527

Noah Paul Fardo, Esquire
PA I.D. #83848

William F. Rogel, Esquire
PA I.D. #203348

Jaclyn M. DiPaola, Esquire
PA I.D. #322531

812 Ivy Street | Shadyside
Pittsburgh, PA 15232

Telephone No.:  (412) 802-6666
Fax No.:        (412) 802-6667

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| DEBORAH DAVIDSON, | CIVIL DIVISION |
| Plaintiff, | |
| v. | Case No. GD- |
| THE PEGGS COMPANY, INC., | |
| Defendant. | **COMPLAINT IN CIVIL ACTION** |

## NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within TWENTY (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer Referral Service
Allegheny County Bar Association
11th Floor Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
Telephone: 412-261-5555

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | | |
|---|---|---|
| DEBORAH DAVIDSON, | : | CIVIL DIVISION |
| Plaintiff, | : | |
| v. | : | Case No. GD- |
| THE PEGGS COMPANY, INC., | : | |
| Defendant. | : | **COMPLAINT IN CIVIL ACTION** |

**COMPLAINT IN CIVIL ACTION**

AND NOW COMES Plaintiff, Deborah Davidson, by and through her undersigned counsel, Flaherty Fardo Rogel & Amick, LLC, and files the within Complaint in Civil Action, and in support thereof, Plaintiff avers as follows:

**PARTIES**

1. Plaintiff Deborah Davidson, an adult individual, has a principal mailing address of 105 Hidden Oak Drive, Mars, PA 16046.

2. Defendant, The Peggs Company, Inc., a California corporation, has a principal address of 4851 Felspar Street, Riverside, CA 92509.

3. At all material times, The Peggs Company, Inc. was involved in the design, manufacture, distribution, marketing, leasing, and/or sale of shopping carts utilized at TJ Maxx. The Peggs Company, Inc. regularly conducts business within the Commonwealth of Pennsylvania by distributing its products throughout the Commonwealth. Upon information and belief, The Peggs Company, Inc. regularly does business in Allegheny

County, including but not limited to designing, manufacturing, distributing, marketing, leasing and/or selling its shopping carts to the TJ Maxx stores located in Allegheny County, Pennsylvania.

4. At all material times, The Peggs Company, Inc acted through its agents, servants and employees, who conducted themselves within the scope of their employment with The Peggs Company, Inc. and for The Peggs Company, Inc.'s benefit.

## FACTUAL BACKGROUND

5. On February 20, 2020, Plaintiff was shopping in the TJ Maxx located at 1717 Route 228, Cranberry Twp., PA, 16066.

6. At all times relevant on such date, Plaintiff was utilizing a shopping cart that TJ Maxx made available, a two-tiered/two-basket cart (hereinafter the "Cart") that was designed, manufactured, produced, distributed, and/or sold by Defendant.

7. The Cart was and is defective and dangerous. Specifically, and without limitation, the orientation, alignment, physical layout, and geometry of the handle and the rear wheels/casters was dangerous and defective, as the said wheels protrude some 2¼" inches beyond the handle.

8. Defendant knew and understood, in designing, manufacturing, producing, selling, and/or distributing, that the Cart would be placed in stores, including but not limited to TJ Maxx stores, for use by customers like Plaintiff.

9. Plaintiff at all times used the Cart in its intended and in a reasonably foreseeable manner.

10. Plaintiff stepped laterally to examine a product to her left when she unexpectedly tripped on the rear caster of the defective Cart and fell to the ground.

11. Ms. Davidson was transported to the emergency room at UPMC Passavant where she was diagnosed with a broken left (proximal) femur and a broken left humerus, both of which required surgery.

12. She developed post-operative diabetic ketoacidosis, requiring a lengthy stay in the ICU.

13. She has since also suffered from pain, numbness, weakness, foot drop, and neuropathy in her left leg and foot.

14. These injuries were caused by the defective Cart designed, manufactured, produced, distributed, and/or sold by Defendant; Plaintiff thus brings the instant suit against Defendant to recover all legally cognizable damages for her significant injuries.

## COUNT I

### PRODUCTS (STRICT) LIABILITY
*Design Defect*

15. Plaintiff incorporates all previous paragraphs as if fully restated herein.

16. Defendant is and, at all relevant times, has been a California Corporation (registered to do business in the Commonwealth of Pennsylvania) that is engaged in the business of designing, manufacturing, producing, distributing, and/or selling shopping carts to and/or for use at retail stores.

17. In the ordinary course of its business, Defendant did sell or otherwise provide to TJ Maxx the Cart that was used by Plaintiff on February 20, 2020.

18. Defendant did place the Cart into the stream of commerce knowing and intending that the end users would be customers like Plaintiff who use the Cart for shopping in retail stores like TJ Maxx.

19. Upon information and belief, the Cart was possessed of a dangerous design defect, to wit, that the orientation, alignment, and geometrical layout of the handle and the rear

wheels/casters are and were such that the wheels protruded some two-and-a-quarter inches (2¼") beyond the handle and, correspondingly, that the handle sat some two-and-a-quarter inches (2¼") inboard of the rear wheels/casters.

20. This design and layout poses a tripping hazard that is neither necessary, typical, nor expected of a shopping cart.

21. Inasmuch as the rear wheels/casters protruded so far beyond the handle or, which is the same thing, inasmuch as the handle was so far inboard of the wheels/casters, the Cart was atypical and abnormal and posed a greater tripping hazard than the carts consumers typically use or encounter.

22. As such, the Cart was defective and was abnormally dangerous.

23. Upon information and belief, it is averred that the Cart was in this defective condition at the time it left Defendant's care, custody, and control and was placed into the stream of commerce by Defendant.

24. Upon information and belief, it is averred that the Cart remained substantially and in all material ways in the same condition from the time it left Defendant's care, custody, and control through the date of Plaintiff's injury.

25. Upon information and belief, it is averred that the Cart was not modified, altered, changed, or damaged in any material way after it left Defendant's care, custody, and control.

26. Thus, Defendant is liable, and indeed strictly liable, for injuries caused by its defective Cart.

27. The Cart was defective under the consumer expectations test, in that (among other things) it did not perform as an ordinary consumer using the Cart—one such as

Plaintiff—would have expected.

28. Neither Plaintiff nor any ordinary shopper using the Cart would expect the rear wheels/casters to protrude so far past the handle.

29. Neither Plaintiff nor any ordinary shopper using the Cart would expect the handle and the wheels/casters to be positioned such that moving in an ordinary manner from pushing the cart to moving laterally to approach merchandise on display would pose such a tripping hazard.

30. The Cart was also defective under the risk-utility test in that the Cart could have been made safe at little or no additional cost or difficulty. Indeed, numerous other extant cart designs do not pose nearly so substantial a tripping hazard. A longer or differently-angled handle could have been used without great expense or difficulty. Thus, the possibility, probability, and potential seriousness of injury far outweigh the burden or cost of making the product in question safe.

31. In any case, the Cart was defective in its design in a way that created an excessive and unnecessary risk that a customer would trip and fall over the rear wheels/casters.

32. Plaintiff was using the cart in a reasonable, expected, and foreseeable way.

33. Plaintiff did in fact trip and fall as a direct, factual, and proximate result of this defect.

34. Plaintiff sustained the following injuries as a result of the aforesaid defective Cart:

    a. Broken left (proximal) femur which required surgery;

    b. Broken left humerus which required surgery;

    c. Contusions to her left leg;

    d. Persistent left hip, leg, ankle and foot pain;

    e. Severe nerve damage in her leg and foot;

    f.    Foot drop;

    g.    Weakness in both legs;

    h.    Weakness, numbness, pain, and diminished range of motion, function, and mobility in her left leg and foot;

    i.    Contusions to her left arm;

    j.    Persistent left arm and shoulder pain;

    k.    Poor range of motion in shoulder;

    l.    Diabetic Ketoacidosis;

    m.    Metabolic Acidosis;

    n.    Acute Kidney Injury;

    o.    Anxiety;

    p.    Severe emotional distress;

    q.    Some or all of the above injuries are or may be permanent in nature.

35. As a result of Plaintiff's injuries, Plaintiff has suffered and will continue to suffer the following compensable damages:

    a.    Medical expenses for services and supplies incident to the treatment of Plaintiff's injuries;

    b.    Permanent and temporary disfigurement;

    c.    Impairment of general health, strength and vitality;

    d.    Past and future pain and suffering;

    e.    Past and future anguish, embarrassment and inconvenience;

    f.    A reduction of Plaintiff's ability to perform some of the routine functions of daily living;

      g.      Deprivation of Plaintiff's ability to enjoy ordinary pleasures of her life; and

      h.      Past and future wage loss and loss of earning capacity.

36. Plaintiff is entitled to, and hereby seeks, all compensatory damages provided for by law for these and such other harms as may be proven at time of trial.

      WHEREFORE, Plaintiff, Deborah Davidson, requests judgment in her favor and against Defendant, The Peggs Company, Inc. and an award of compensatory damages in a sum in excess of the applicable arbitration limits plus all interest, costs, delay damages, and such other or additional relief as this Court may deem appropriate.

**JURY TRIAL DEMANDED**

## COUNT II

### PRODUCTS (STRICT) LIABILITY
*Lack of Warning*

37. Plaintiff incorporates all previous paragraphs as if fully restated herein.

38. Inasmuch as the rear wheels/casters protruded so far beyond the handle or, which is the same thing, inasmuch as the handle was so far inboard of the wheels/casters, the Cart was atypical and abnormal and posed a greater tripping hazard than the carts consumers typically use or encounter.

39. Defendant failed to provide adequate warnings to users of the Cart about the risk of tripping over the rear wheels/casters.

40. Upon information and belief, it is also averred that Defendant failed to provide adequate warnings to purchasers of the Cart about the risk of tripping over the rear wheels/casters.

41. The lack of such warnings rendered the Cart defective and abnormally dangerous.

42. Plaintiff was using the cart in a reasonable, expected, and foreseeable way.

43. Plaintiff did in fact trip and fall as a direct, factual, and proximate result of this defect.

44. Plaintiff sustained the following injuries as a result of the aforesaid defective Cart:

   a. Broken left (proximal) femur which required surgery;

   b. Broken left humerus which required surgery;

   c. Contusions to her left leg;

   d. Persistent left hip, leg, ankle and foot pain;

   e. Severe nerve damage in her leg and foot;

   f. Foot drop;

   g. Weakness in both legs;

   h. Weakness, numbness, pain, and diminished range of motion, function, and mobility in her left leg and foot;

   i. Contusions to her left arm;

   j. Persistent left arm and shoulder pain;

   k. Poor range of motion in shoulder;

   l. Diabetic Ketoacidosis;

   m. Metabolic Acidosis;

   n. Acute Kidney Injury;

   o. Anxiety;

   p. Severe emotional distress;

   q. Some or all of the above injuries are or may be permanent in nature.

45. As a result of Plaintiff's injuries, Plaintiff has suffered and will continue to suffer the

following compensable damages:

    a.    Medical expenses for services and supplies incident to the treatment of Plaintiff's injuries;

    b.    Permanent and temporary disfigurement;

    c.    Impairment of general health, strength and vitality;

    d.    Past and future pain and suffering;

    e.    Past and future anguish, embarrassment and inconvenience;

    f.    A reduction of Plaintiff's ability to perform some of the routine functions of daily living;

    g.    Deprivation of Plaintiff's ability to enjoy ordinary pleasures of her life; and

    h.    Past and future wage loss and loss of earning capacity.

46. Plaintiff is entitled to, and hereby seeks, all compensatory damages provided for by law for these and such other harms as may be proven at time of trial.

WHEREFORE, Plaintiff, Deborah Davidson, requests judgment in her favor and against Defendant, The Peggs Company, Inc. and an award of compensatory damages in a sum in excess of the applicable arbitration limits plus all interest, costs, delay damages, and such other or additional relief as this Court may deem appropriate.

**JURY TRIAL DEMANDED**

## COUNT III

## NEGLIGENCE

47. Plaintiff incorporates all previous paragraphs as if fully restated herein.

48. At all material times, The Peggs Company, Inc. was acting by and through its servants, agents, ostensible agents and employees who acted or failed to act within the scope of their authority in the court of The Peggs Company, Inc.'s business.

49. At all material times, Defendant owed Plaintiff a duty of care in the design, testing, manufacture, marketing, distribution, leasing and selling of the shopping carts so as to avoid an unreasonable risk of injury to Plaintiff, a foreseeable user.

50. Such duty was owed to Plaintiff and other users of the Cart at retail establishments where such carts are placed.

51. At all material times, Defendant owed a duty to Plaintiff to adequately warn and instruct Plaintiff as to all defects, that were either known or should have been known by Defendant, so as to avoid an unreasonable risk of injury to Plaintiff, a foreseeable user.

52. Such duty was owed to Plaintiff and other users of the Cart at retail establishments where such carts are placed.

53. At all material times, Defendant designed, manufactured and distributed the Cart in the regular course of its business. The Car and other such shopping carts were expected to and did reach Plaintiff without substantial change in their conditions.

54. The injuries and damages suffered by Plaintiff were the direct and proximate result of the negligence and carelessness of the Defendant, by and through its officers, agents, ostensible agents or employees acting within the course and scope of their authority, servitude or employment, generally, and in the following particulars:

    a. In failing to do studies, testing, and/or other investigation into the safety of the Cart, including specifically failing to study, test, or investigate the length, angle/inclination, and alignment of the handle as it relates to the

       rear wheels/casters;

b. In failing to do an appropriate risk/hazard analysis on the Cart;

c. In failing to appreciate the tripping hazard posed by the orientation and alignment of the handle and the rear wheels/casters of the Cart;

d. In failing to appreciate and give due consideration to the risk of a user of the Cart tripping and falling while shopping;

e. In failing to appreciate and give due consideration to the fact that shoppers using the Cart will often be looking and moving towards shelves on either side of the Cart while operating same;

f. In failing to appreciate and give due consideration to the safety of lateral movements by shoppers/users who are using the Cart;

g. In failing to take reasonable measures to protect Plaintiff and other users of the Cart from the aforesaid tripping hazard;

h. In failing to consider and/or utilize alternate designs that would reduce or eliminate the tripping hazard/risk posed by the orientation and alignment of the handle and the rear wheels/casters of the Cart;

i. In failing to collect, track, preserve, or seek information about falls and other incidents and injuries involving the Cart and other carts and products produced and/or distributed by Defendant;

j. In failing to act upon information received by Defendant about the Cart's performance—including specifically information about falls and other incidents and injuries involving the Cart—after putting same in the market;

k.  In failing to recall the Cart when Defendant knew or should have known the product was not safe;

l.  In failing to modify the Cart Defendant knew or should have known the product was not safe;

m.  In failing to warn users of the Cart, such as Plaintiff, of the excessive and abnormal tripping hazard posed by the Cart and specifically by the orientation and alignment of its handle and its rear wheels/casters;

n.  In designing, manufacturing, and supplying shopping carts that were not safe for their intended use;

o.  In failing to design and manufacture the shopping carts by utilizing technically and economically feasible design alternatives that would have significantly reduced or eliminated the risk of serious injury;

p.  In failing to design and manufacture the shopping carts with an appropriate alignment of the rear handle and the rear casters;

l.  In failing to provide application aids and/or complete operation and maintenance manuals to purchasers as well as consumers operating the shopping carts;

m.  In failing to remedy specific hazards associated with the shopping carts; and

n.  In failing to consider the manner in which the shopping carts will be used by consumers as opposed to ideal or perfect use.

55. At all material times, Plaintiff operated the shopping cart in a reasonably prudent and cautious manner and in a fashion free of contributory negligence.

56. Plaintiff or someone like her tripping over the rear wheels/casters of the Cart and falling while engaging in ordinary shopping activities was a reasonably foreseeable risk and consequence of the aforesaid negligence of Defendant.

57. As a result of Defendant's negligence as alleged above, Plaintiff sustained the following injuries:

   a. Broken left hip which required surgery;
   b. Broken left arm which required surgery;
   c. Contusions to her left leg;
   d. Persistent left hip, leg, ankle and foot pain;
   e. Severe nerve damage in her leg;
   f. Foot drop;
   g. Weakness in both legs;
   h. Contusions to her left arm;
   i. Persistent left arm and shoulder pain;
   j. Poor range of motion in shoulder;
   k. Diabetic Ketoacidosis;
   l. Metabolic Acidosis;
   m. Acute Kidney Injury;
   n. Anxiety;
   o. Severe emotional distress;
   p. Some or all of the above injuries may be permanent in nature.

58. As a result of Plaintiff's injuries, Plaintiff has suffered and will continue to suffer the following damages:

    a. Medical expenses for services and supplies incident to the treatment of Plaintiff's injuries;

    b. Permanent and temporary disfigurement;

    c. Impairment of general health, strength and vitality;

    d. Past and future pain and suffering;

    e. Past and future anguish, embarrassment and inconvenience;

    f. A reduction of Plaintiff's ability to perform some of the routine functions of daily living;

    g. Deprivation of Plaintiff's ability to enjoy ordinary pleasures of her life; and

    h. Past and future wage loss and loss of earning capacity.

59. Plaintiff is entitled to, and hereby seeks, all compensatory damages provided for by law for these and such other harms as may be proven at time of trial.

WHEREFORE, Plaintiff, Deborah Davidson, requests judgment in her favor and against Defendant, The Peggs Company, Inc. and an award of compensatory damages in a sum in excess of the applicable arbitration limits plus all interest, costs, delay damages, and such other or additional relief as this Court may deem appropriate.

**JURY TRIAL DEMANDED**

Respectfully Submitted,

**FLAHERTY FARDO ROGEL & AMICK, LLC**

Date: October 7, 2020        By:   */s/ Noah Paul Fardo*
        Noah Paul Fardo, Esq.
        William F. Rogel, Esq.
        Jaclyn M. DiPaola, Esq.
        Attorneys for Plaintiff

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| DEBORAH DAVIDSON, | : CIVIL DIVISION |
| Plaintiff, | : |
| v. | : Case No. GD- |
| THE PEGGS COMPANY, INC., | : |
| Defendant. | : COMPLAINT IN CIVIL ACTION |

## VERIFICATION

I, Deborah Davidson, aver that the statements contained in the attached Complaint in Civil Action are true and correct to the best of my information, knowledge and belief, and are made subject to the penalties of 18 Pa. Cons. Stat. Ann. § 4904 relating to the unsworn falsification to authorities.

_____
Deborah Davidson

Date: 10-6-2020

Scanned with CamScanner